UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PRO ACTIVE SAFETY SYSTEM P.A.S.S. LLC.,**

**Plaintiff,**

**v.**

**Case No.: 6:25 -cv-1063-ACC-RMN**

**SIEMENS GAMESA RENEWABLE ENERGY, LLC,**

**Defendant.**

---

**ORDER**

This cause comes before the Court on Defendant Siemens Gamesa Renewable Energy, LLC's Motion to Dismiss Third Amended Complaint, (Doc. 87), where Plaintiff Pro Active Safety System P.A.S.S. LLC filed a Response in Opposition, (Doc. 91), and Defendant replied. (Doc. 94). For the reasons set forth below, Defendant's motion will be denied.

## I. BACKGROUND

This is an action for misappropriation of trade secrets. (Doc. 84). Plaintiff's sole claim asserts a cause of action for misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq*. (Doc. 84 at 14). Defendant Siemens Gamesa Renewable Energy, LLC ("Defendant") contracted Plaintiff Pro Active Safety System P.A.S.S. LLC. ("Plaintiff") to perform safety and maintenance services on Defendant's wind turbines on a national scale. (*Id.* at ¶ 5).

Plaintiff alleges that Defendant recruited specific former employees of Plaintiff's who had access to Plaintiff's confidential and proprietary information to acquire knowledge of Plaintiff's trade secrets. (*Id.* at ¶¶ 7–9). Plaintiff describes its trade secrets as a compilation "safety system" involving the following:

> (1) a training system developed with employee interaction frameworks; (2) a structured sequence of employee interactions, specific timing, and escalation protocols; (3) Customized language frameworks used in communications, decision making criteria based on employee responses; (4) a repeatable method for ensuring safe execution of duties through non-public techniques.

(*Id.* at ¶ 7). Additionally, Plaintiff alleges Defendant stole trade secret information held within a Policy and Procedure Manual including "developed Job Safety Analysis, training curricula, high-skill technician procedures, client pricing schedules, deployment checklists, and site-specific safety protocols, and other operational know-how[.]" (*Id.* at ¶ 19). Plaintiff notes that "[t]he proprietary value of the system arose from the implementation methods, workforce-accountability procedures, deployment decisions, escalation protocols, operational judgment, behavioral-engagement methodologies, and management oversight developed and maintained by [Plaintiff]." (*Id.* at 13 n.3). Defendant now moves to dismiss Plaintiff's operative Third Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 87).

## II. LEGAL STANDARD

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and

draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Specific facts that are not necessary to state a claim for relief do not need to be included in a complaint. *Id.* Legal conclusions or a recitation of the elements of a cause of action are insufficient to satisfy a plaintiff's burden to prove he is entitled to relief. *Id.* at 555. A facially plausible claim must plead facts that give rise to a reasonable inference that a defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

## III. ANALYSIS

The DTSA provides a federal civil cause of action for "[a]n owner of a trade secret that is misappropriated ... if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). Under the DTSA, the term "trade secret" means "all forms and types of

financial, business, scientific, technical, economic, or engineering information" if "the owner thereof has taken reasonable measures to keep such information secret" and "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3).

Thus, to properly plead misappropriation of trade secrets, a "plaintiff need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant notice of the material it claims constituted a trade secret." *Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1294 (S.D. Fla. 2018) (quoting *DynCorp Int'l v. AAR Airlift Group, Inc.*, 664 F. App'x. 844, 848 (11th Cir. 2016) (per curiam)).[1] Plaintiff "bears the burden of demonstrating both that the specific information it seeks to protect is secret and that it has taken reasonable steps to protect this secrecy." *Am. Red Cross*, 143 F.3d at 1410 (citation omitted). Courts have found that allegations of misappropriated compilations of business records that are not publicly accessible can be trade secrets. *See, e.g.*, *Compulife Software, Inc. v. Newman*, 111 F. 4th 1147, 1162 (11th Cir. 2024). But whether alleged information constitutes a valid trade secret is a question of fact normally resolved by a jury after

[1] Unpublished opinions of the Eleventh Circuit constitute persuasive, and not binding, authority. *See* 11th Cir. R. 36-2.

full presentation of evidence.[2] *Lear Siegler, Inc., v. Ark-Ell Springs, Inc.*, 569 F.2d 286, 289 (5th Cir. 1978).[3]

Although not a model of clarity, Plaintiff's operative Third Amended Complaint here alleges sufficient facts to plausibly show a trade secret was involved and to give Defendant notice of the materials and claims constituting its trade secret. For example, at this juncture, Plaintiff's claims of stolen private "client pricing schedules" and "pricing systems" plausibly allege types of financial and business information involving trade secrets. Plaintiff's operative Complaint seemingly alleges misappropriation by use and acquisition. (*See* Doc. 84, ¶ 12 (alleging that Defendant "used trade secrets stolen from Plaintiff to further its own interests to the detriment of [Plaintiff].")). To be liable under this theory, Defendant must have known or had a reason to know that it "acquired [the trade secret] by improper means." 18 U.S.C. § 1839(5)(A). Improper means include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage" but not "reverse engineering, independent derivation, or any other lawful means of acquisition." *Id.* § 1839(6)(A)–(B).

---

[2] Defendant raises the argument that pursuant to its contract with Plaintiff, any alleged trade secret information shared by Plaintiff during the contractual term was assigned to Defendant and became Defendant's sole property. (Doc. 87 at 22). Plaintiff opposes this claim, arguing it to be premature. (Doc. 91 at 19). The Court agrees with Plaintiff and will refrain from addressing the issue at the Motion to Dismiss stage.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Plaintiff plausibly alleges improper means by stating that Defendant "solicited and hired" Plaintiff's former employees and induced them to breach their nondisclosure agreements to use their confidential knowledge to replicate Plaintiff's trade secret "safety system." (Doc. 84 at ¶ 13). Additionally, Plaintiff plausibly alleges that its compilation trade secret had independent economic value from not being generally known. (*Id.* at ¶ 53 n.6).

Beyond identifying and establishing the existence of a trade secret, Plaintiff must sufficiently allege that it took reasonable steps to maintain the secrecy of its information. *Compulife Software, Inc. v. Newman*, 111 F. 4th 1147, 1160 (11th Cir. 2024). For example, courts have found a company requiring its employees to sign confidentiality or nondisclosure agreements, placing password restrictions on company computers, and maintaining confidentiality policies and procedures are all acceptable means of alleging this prong. *See Measured Wealth Private Client Grp., LLC v. Foster*, No. 20-cv-80148-SINGHAL, 2020 WL 3963716, at *4 (S.D. Fla. July 13, 2020) (collecting cases); *see also Whertec, Inc. v. Salmon*, No. 3:20-cv-1254-BJD-PDB, 2021 WL 3555676, at *4 (M.D. Fla. Apr. 28, 2021) (signing confidentiality agreements, maintaining employee handbooks with policies of protecting proprietary information, and placing password restrictions on company computers imply reasonable efforts).

Plaintiff's Third Amended Complaint alleges that the relevant employees were aware that the alleged trade secret information was confidential by signing

certain documents imposing a duty of confidentiality. (Doc. 84 at ¶ 51). Specifically, Plaintiff alleges that "[e]mployees . . . were required to sign an Employment Contract and an Employee Handbook which required the employee to keep trade secrets and other proprietary information confidential." (*Id.*). Additionally, Plaintiff alleges that all work devices were password protected, and disciplinary action would be taken for policy violations. (*Id.* at ¶ 10). As such, Plaintiff sufficiently alleges that it took reasonable steps to maintain the secrecy of its information.

Overall, Defendant's Motion to Dismiss Plaintiff's Third Amended Complaint will be denied because Plaintiff alleges sufficient facts that plausibly show a trade secret was involved and gives Defendant notice of materials it claims constituted trade secrets. With all dispositive and other Motions deadlines having passed, the case shall continue pursuant to the Court's Case Management Scheduling Order with the jury trial term set for January 2027. (Doc. 66).

Based on the foregoing, it is ordered as follows:

1. Defendant Siemens Gamesa Renewable Energy, LLC's Motion to Dismiss Third Amended Complaint (Doc. 84) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 21, 2026.

/s/ Anne C. Conway
Anne C. Conway
United States District Judge

Copies furnished to:

Counsel of Record